UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SHAWN WALLACE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:13-cv-79 HEA |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's request for judicial review, under 28 U.S.C. § 1383(c)(3), of the final decision of Defendant denying Plaintiff's application for Supplemental Security Income (SSI) under Title XVI, 42 U.S.C. §1381, *et seq*. For the reasons set forth below, the Court affirms the Commissioner's denial of Plaintiff's application.

### Facts and Background

Plaintiff was 24 years old at the time of the hearing. He was 21 at the time of his application for benefits. He finished high school. The ALJ found Plaintiff had the severe impairments of: seizure disorder, borderline intellectual functioning and learning disorder pursuant to 20 CFR 416.920(c). At the April 19, 2012 hearing, Plaintiff testified that he was not employed at the time. Plaintiff resides in a house

with his parents and his brother. Both parents are disabled, as is his brother. Plaintiff testified he works on cars, cuts the grass when it is needed and takes out the trash. He has a driver's license. He further testified that his back hurts most of the time, takes an occasional ibuprofen for headaches and takes Dilantin for his seizures. He takes no medication for his learning disability and does not go to counseling.

A vocational expert also testified at the hearing. In response to the hypothetical question of an individual who is a younger individual with no past relevant work, high school education limited to no exertional limitations and simple routine and repetitive work in a low stress environment with never climbing ropes, ladders, and scaffolds; should avoid concentrated exposure to extreme temperatures, and operational control of moving machinery, unprotected heights, or hazardous machinery. The VE testified there were other jobs available for the Plaintiff. The vocational expert testified that the jobs of a cleaner, laundry worker were available. Given another hypothetical, changing to light exertional level restrictions, the VE testified that the position of housekeeper/maid in the hotel/motel industry were available. Adding the limitation that the individual have no interaction with the public and only occasional interaction with coworkers, the VE testified that these jobs would remain. The ALJ inquired if there would be jobs available with the additional limitations that the person was off task for 20 percent

of the day due to inability to focus. The VE testified there would be no such jobs available.

Plaintiff's application for supplemental security income benefits was denied on June 29, 2010.  On May 4, 2012, the ALJ issued an unfavorable decision.  On April 4, 2013, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. Thus, the decision of the ALJ stands as the final decision of the Commissioner.

## Standard For Determining Disability

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); McCoy, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); McCoy, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a)

(1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a) (4) (iv), 404.1520(f), 416.920(a) (4) (iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. *Id*... At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Id.; Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

## ALJ Decision

The ALJ utilized the five-step analysis as required in this case. Here the ALJ determined at Step One, that Plaintiff had not engaged in substantial gainful activity since April 29, 2010, the application date. The ALJ found at Step Two that

Plaintiff has the severe impairments of seizure disorder, borderline intellectual functioning and learning disorder pursuant to 20 CFR 416.920(c). The ALJ found Plaintiff had the non-severe limitations of back pain and myalgias, which he determined were not substantiated by imaging or testing.

At Step Three, the ALJ found that Plaintiff does not suffer from an impairment or combination of impairments of a severity that meets or medically equals the required severity of a listing as set out in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920 (d), 416.925 and 416.926).

As required, prior to Step Four, the ALJ determined the Residual Functional Capacity of Plaintiff to be as follows: to perform full range of work at all exertional levels but with the following nonexertional limitations: Plaintiff cannot climb ladders, ropes or scaffolds, must avoid concentrated exposure to extremes of temperature and all exposure to hazards to include operating moving machinery and working at unprotected heights. He is limited to simple routine tasks in a low stress environment with only occasional decision-making or changes in the workplace.

At Step Four it was the finding of the ALJ that Plaintiff had no past relevant work.

Finally, at Step five, the ALJ found that Plaintiff could perform other work that existed in significant numbers in the national economy. The ALJ, therefore, found Plaintiff not disabled, and denied the benefits sought by the Application.

**Standard For Judicial Review**

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Id*. However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" Id. (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's

findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)). The Court should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006).

## Discussion

In his appeal of the Commissioner's decision, Plaintiff makes the following contentions: (1) The ALJ failed to provide a proper RFC because the ALJ did not discuss or weigh the results of psychological testing or the opinion of the test administer, improperly dismissed the only other opinion in the record regarding Wallace's mental functioning, and derived an RFC not based on the substantial evidence of record.

**RFC**

A claimant's RFC is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. As true*, 596 F.3d 959, 969 (8th Cir.2010); see also 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling

symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

A claimant's subjective complaints may not be disregarded solely because the objective medical evidence does not fully support them. The absence of objective medical evidence is just one factor to be considered in evaluating the claimant's credibility and complaints. The ALJ must fully consider all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:

(1) the claimant's daily activities;

(2) the subjective evidence of the duration, frequency, and intensity of the claimant's pain;

(3) any precipitating or aggravating factors;

(4) the dosage, effectiveness, and side effects of any medication; and

(5) the claimant's functional restrictions.

The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the claimant's complaints. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir.2005). "It is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that he considered all of the evidence." *Id*. The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir.2004). The ALJ need only acknowledge and consider those factors. *Id*. Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir.1988).

Plaintiff contends that the ALJ erred by failing to discuss or weigh the results of psychological testing or the opinion of the test administrator and improperly dismissed the other opinion of record regarding Plaintiff's mental functioning and therefore derived at an RFC that was not based on substantial evidence of record. The claimant has the burden to prove the RFC at step four of the sequential evaluation, and the ALJ determines it based on all relevant evidence. *See Harris v. Barnhart*, 356 F.3d 926, 930 (8th Cir. 2004). The RFC formulation is a part of the medical portion of a disability adjudication as opposed to a vocational portion, which involves consideration of age, education, and work experience. Although it is a medical question, it is not based only on "medical"

evidence, i.e., evidence from medical reports or sources; rather an ALJ has the duty to formulate the RFC based on all the relevant, credible evidence. *See McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000); *Roberts v. Apfel*, 222 F.3d 466, 469 (8th Cir. 2000).

The ALJ will also consider whether the doctor's opinion is consistent with other evidence and opinions, the doctor's specialty, and "other factors" like the extent to which doctor is familiar with other information in the claimant's case. *See* 20 C.F.R § 404.1527(c)(2) (2012); *Brace v. Astrue*, 578 F.3d 882, 885 (8th Cir. 2009). The ALJ may reject opinions that he finds are not supported by other credible objective evidence in the record, or which are unexplained or conclusory. *See Brown v. Astrue*, 611 F.3d 941, 951 (8th Cir. 2010) (treating source "opinion does not automatically control in the face of other credible evidence on the record that detracts from that opinion."). The ALJ here properly accorded little weight to the opinion of Dr. May. Dr. May was not a treating physician, rather, Plaintiff was sent to her for an assessment for his disability determination. Dr. May's conclusions were based primarily on information provided to her by Plaintiff and Plaintiff's parents. Significantly, Plaintiff rated his symptoms of depressed mood, poor concentration, irritability, aches and pains, aggressive behaviors, and hyperactivity as mild or moderate in intensity, while Dr. May found Plaintiff to be "markedly" or extremely" limited in fifteen of twenty listed functional abilities.

She opined he was only moderately limited in his abilities to understand, remember and carry out short, simple instructions. While Plaintiff argues that Dr. May also included that Plaintiff may need to have instructions repeated, the fact remains that she determined that he was only moderately limited with regard to these functional abilities. She found Plaintiff to be pleasant and cooperative, made good eye contact, processed information in a logical and coherent manner, and maintained attention and concentration within normal limits.

In March, 2009, Plaintiff met with Dr. May's practice partner, Dr. Fuge. Plaintiff was found to have intact and logical thought processes and his short term memory was intact, but results from testing suggested that Plaintiff had learning disorders in written expression and math. While Plaintiff's intellectual functioning was determined to be low, Dr. Fuge, also observed that Plaintiff's motivational level decreased during the test process, which may have affected his performance. *See* SSR 96-8p; *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000) (affirming ALJ's residual functional capacity determination where it was consistent with the medical records and the observations of treating physicians and other relevant evidence of pre-expiration disability).

The ALJ recognized the reports and conclusions reached by both Dr. May and Dr. Fuge. He discussed his rationale for giving Dr. May's opinion little weight-her conclusions were inconsistent with the existing records and with her

own description of Plaintiff's symptoms.  Additionally she only saw Plaintiff on one occasion.  Dr. Fuge diagnosed Plaintiff with a math-based learning disorder, possible attention deficit disorder and borderline intellectual functioning.  The ALJ took this diagnosis into consideration in determining Plaintiff's RFC and concluding that Plaintiff was able to perform certain kinds of work.  The fact that Plaintiff has some impairments does not eliminate the possibility of being gainfully employed.

Once the ALJ has reached his conclusion about the weight assigned to the medical opinions in a case, the court need only evaluate whether substantial evidence supports the ALJ's analysis, not whether the evidence could have supported a different conclusion in the first instance. *See Goff v. Barnhart*, 421 F.3d 785, 790-91 (8th Cir. 2005) ("[A]n appropriate finding of inconsistency with other evidence alone is sufficient to discount the opinion."); *Metz v. Shalala*, 49 F.3d 374, 377 (8th Cir. 1995) (internal quotes and citation omitted). Thus the issue here is not whether the opinions was due controlling weight but whether substantial evidence supported the rejection of the opinion under the facts of this case. Dr. May's opinion was properly viewed in the context of the remainder of the record, which showed that Plaintiff had no mental treatment during the relevant period, and that Plaintiff's seizures are under control with medication The objective evidence or absence thereof provided no support of Dr. May's opinion

and was inconsistent with her opinion. Substantial evidence clearly supports the decision. The RFC was supported by substantial evidence of record.

## **Conclusion**

After careful review, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole. The decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is affirmed.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 25th day of April, 2014.

_____
  HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE